# Neff *v.* Williamson.

*Assumpsit.*

(Decided April 9, 1908.   46 South. 238.)

1. *Evidence; Checks; Admission.*—The admission of a note and a check drawn by one party in favor of a person not a party to the suit, where limited to a corroboration of a point already established by other evidence, and for that purpose only, is harmless, if error at all.

2. *Master and Servant; Compensation; Action for; Instruction.*—Although the place at which he worked belonged to another, the person doing the service is entitled to recover of defendant if employed by defendant.

3. *Same.*—A charge asserting that if defendant did not employ Williamson for herself there should be a verdict for defendant, is properly refused for pretermitting the hypothesis that he might have been employed by her to perform service for someone else.

4. *Trial; Instructions; Conformity to Evidence.*—A charge asserting that there is no evidence of the time of services and directing a verdict for defendant, is properly refused where the evidence for plaintiff shows the time of the contract, that he went to work immediately thereafter and worked until a certain time.

5. *Same; Jury Question; Directing Verdict.*—Where there is a conflict in the evidence as to any material matter the affirmative charge is properly refused.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Action by I. M. Williamson against Ann Neff. From a judgment for plaintiff, defendant appeals. Affirmed.

Action in assumpsit for wages or salary alleged to be due plaintiff on a contract of employment made between

plaintiff and defendant to take charge of and manage a saloon in Decatur, Ala. The only material matter in dispute is that of employment. The evidence for plaintiff tended to show that he agreed with defendant to run the saloon at $40 per month, and immediately thereon went to Decatur and worked in the saloon until about July 2, 1906; that up to that time the business had been conducted by defendant's nephew, Arledge. The contention of defendant is that she made no contract of employment with plaintiff.

During the examination of plaintiff a certain check, and also a note, both of which were drawn and executed by plaintiff in favor of certain creditors of the saloon business at Decatur and in payment of the obligations of the business, were allowed to be introduced in evidence over the objection of defendant; but the court at the time stated to the jury that they were admitted only, and were to be considered by them only, in connection with the plaintiff's evidence, to determine whether or not he was transacting the business as he claimed.

The plaintiff requested the following charge: "Gentlemen of the jury, I charge you that if you believe from the evidence that Mrs. Neff employed Williamson at the sum of $40 per month, and that Williamson performed the services for which he has sued, then your verdict should be for the plaintiff, even though you do not find from the evidence that Mrs. Neff had any interest in the saloon, and that it belonged to Arledge."

The defendant requested the following written charges, which the court refused to give: "(1) The burden of proof is on the plaintiff, and unless the evidence shows to your reasonable satisfaction that Mrs. Neff employed Williamson for herself and promised to pay him a certain sum for such services you should find for the defendant. (2) There is no evidence, gentlemen, of the

[Neff v. Williamson.]

time of service, and I direct you to find a verdict for the defendant." (3) The general affirmative charge.

JAMES H. BRANCH, and JAMES JACKSON, for appellant. Counsel discuss the assignments of error but cite no authority in support of their contention.

KIRK, CARMICHAEL & RATHER, for appellee. No brief came to the Reporter.

ANDERSON, J.—As a general rule the mere ex parte statements or declarations of a witness are not admissible for the purpose of corroborating him. But whether the trial court erred, or not, in admitting the check in evidence, the limitation put on same rendered the error harmless, if one was committed. The trial court limited this evidence to the sole purpose of corroborating the plaintiff as to whether or not he was transacting the business as he claimed. The plaintiff was nowhere contradicted as to the service he claimed to have rendered, but was, in a measure, corroborated by all the witnesses. Therefore this evidence corroborated him on an undisputed point, and its admission was innocuous to the defendant. The conflict was not over the rendition of the service, but over the employment vel non by the defendant.

The trial court did not err in giving the charge requested by the plaintiff.

The trial court did not err in refusing charge 1 requested by the defendant. It is bad, for pretermitting the fact that plaintiff was employed by the defendant to work for "Arledge." If she employed plaintiff to work in the saloon for "Arledge," and agreed to pay him, as plaintiff testified, she would be liable, although she did not own the business, and did not employ him for

[Wohl v. First National Bank of Gadsden.]

herself. Whether or not the employment would come within the statute of frauds we need not determine, since there was no such defense interposed, as the case was tried upon the general issue.

The other two charges requested by the defendant are manifestly bad, and were properly refused.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.